5  UNITED STATES DISTRICT COURT
   WESTERN DISTRICT OF WASHINGTON
6  AT SEATTLE

7  SHILAWNA M.,

8                    Plaintiff,           CASE NO. C19-1637-MAT

9       v.
                                          ORDER RE: SOCIAL SECURITY
10 ANDREW M. SAUL,                        DISABILITY APPEAL
   Commissioner of Social Security,
11
                     Defendant.
12

13   Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of

14 the Social Security Administration (Commissioner). The Commissioner denied plaintiff's

15 application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law

16 Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all

17 memoranda, this matter is AFFIRMED.

18                          **FACTS AND PROCEDURAL HISTORY**

19   Plaintiff was born on XXXX, 1977.[1] She completed high school. (AR 44.) She has past

20 relevant work as a medical office manager/administrative assistant and patient account specialist/

21 collection clerk. (AR 32.)

22   Plaintiff filed for DIB on June 13, 2016, alleging disability beginning December 17, 2015.

23

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

(AR 18.) The application was denied initially and on reconsideration. ALJ Eric S. Basse held a hearing on April 27, 2018, taking testimony from plaintiff and a vocational expert (VE). (AR 40-103.) On November 9, 2018, the ALJ issued a decision finding plaintiff not disabled. (AR 18-34.) Plaintiff timely appealed. The Appeals Council denied the request for review on September 4, 2019 (AR 1-5), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff's degenerative disc disease; curvature of the spine; disorder of the muscles and ligaments (Ehlrer-Danlos syndrome, hypermobility type); asthma/chronic obstructive pulmonary disease; inflammatory bowel disease; frontal temporal dysfunction; affective disorder; and anxiety disorder severe. The ALJ found plaintiff's gastro-esophageal reflux disease, postural orthostatic tachycardia syndrome, fibromyalgia, endometriosis, and post-traumatic stress disorder not severe. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found plaintiff's impairments did not meet or equal a listing.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant demonstrated

an inability to perform past relevant work. The ALJ found plaintiff able to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), except with no concentrated exposure to pulmonary irritants, extreme heat, or extreme cold; no exposure to bright light, but moderate light exposure is okay; no more than moderate exposure to noise level that would compare to office type noises; is limited to simple, routine and repetitive tasks and short, simple instructions; should not interact with the general public; needs a routine and stable work environment; and can only handle and finger bilaterally frequently. With this RFC, the ALJ found plaintiff unable to perform her past relevant work.

At step five, the burden shifts to the Commissioner to demonstrate the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the VE's assistance, the ALJ found plaintiff able to perform other jobs, such as work as document scanner, final assembler, and bench hand, and therefore not disabled.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). *Accord Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported by substantial evidence in the administrative record or is based on legal error.") Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff avers error in the ALJ's failure to address ankylosing spondylosis and apparent

somatoform disorder, and her absenteeism and its effect on her ability to sustain employment. She requests remand for further proceedings. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

## Step Two

At step two, a claimant must make a threshold showing her medically determinable impairments significantly limit her ability to perform basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987); 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques, and established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by a statement of symptoms. 20 C.F.R. § 404.1521. *Accord* Social Security Ruling (SSR) 96-4p ("under no circumstances may the existence of an impairment be established on the basis of symptoms alone."); *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005) (same). *See also Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (finding no error in ALJ's failure to explicitly address the drowsiness side effect of a claimant's medications where "[i]n making his RFC determination, the ALJ took into account those limitations for which there was record support that did not depend on [the claimant's] subjective complaints."). Nor is a diagnosis alone sufficient to establish a severe impairment. Instead, a claimant must show her medically determinable impairments are severe. *See* 20 C.F.R. § 404.1521. Even if an ALJ does err in failing to find an impairment severe at step two, such error is properly deemed harmless where the limitations associated with the impairment are considered at step four. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

A.  Ankylosing Spondylosis

Plaintiff argues the ALJ erred by failing to consider ankylosing spondylosis at step two of

ORDER
PAGE - 4

the sequential evaluation, and by failing to consider any impairment that may have been caused by this condition. Her only support for this argument is her hearing testimony she has ankylosing spondylosis. (AR 69-70.) The ALJ acknowledged "somebody mentioned it in the record", and asked plaintiff if the condition had been "actually diagnosed". Plaintiff responded, "yes." (*Id.*)

A medically determinable impairment must be diagnosed by an acceptable medical source. 20 C.F.R. § 404.1521. Even if the ALJ had erred in failing to find such an impairment at step two, plaintiff fails to show such finding would have resulted in additional RFC restrictions. *See Bray v. Comm'r of Social Sec. Admin.*, 554 F.3d 1219, 1228-29 (9th Cir. 2009) ("[Plaintiff] posits that a severe impairment, by definition, inhibits a claimant from engaging in "basic work activities," and the ALJ's statement of her RFC does not capture that limitation. [Plaintiff] offers no authority to support the proposition that a severe mental impairment must correspond to limitations on a claimant's ability to perform basic work activities."). Plaintiff fails to show harmful error in the ALJ's consideration of the condition of ankylosing spondylosis.

B. <u>Somatoform Disorder</u>

Similarly, plaintiff argues the ALJ failed to consider "an apparent somatoform disorder, or somatic concerns of [plaintiff's] treating physicians". (Dkt. 17 at 6.) Despite plaintiff's attempts at construing certain portions of the medical record as corroborative of this condition, no medical source has made this diagnosis. Furthermore, as discussed above, the mere presence of a diagnosis is insufficient to establish a severe impairment. Plaintiff fails to show the ALJ erred by not finding a severe somatoform disorder at step two.

<u>Step Four</u>

At step four, the ALJ must identify plaintiff's functional limitations or restrictions, and assess her work-related abilities on a function-by-function basis, including a narrative discussion.

ORDER
PAGE - 5

*See* 20 C.F.R. §§ 404.1545, 416.945; SSR 96-8p. RFC is the most a claimant can do considering his or her limitations or restrictions. *See* SSR 96-8p.

Plaintiff first points to her testimony about taking leave from work on multiple occasions, noting her termination from her last job for taking leave. (Dkt. 17 at 9.) Plaintiff does not cite any record evidence, other than her own testimony, that establishes the medical necessity for these absences. The ALJ did not fully credit plaintiff's testimony about her difficulties, and no medical opinion corroborates the need for an accommodation for absenteeism. (AR 23-24.) An ALJ need not include in the RFC assessment properly discounted opinion evidence or claimant testimony. *Batson v. Comm'r of the SSA*, 359 F.3d 1190, 1197 (9th Cir. 2004).

Plaintiff argues the ALJ erred by failing to consider the impact of absenteeism on her ability to sustain employment. She cites the neuropsychological evaluation by Evelyn Reilly, Psy.D., who concluded plaintiff would be "likely to experience continued work performance difficulties if she returned to her position at this time". (Dkt 17 at 9.) As plaintiff acknowledges, however, the ALJ found Dr. Reilly's opinion "generally well-supported … and thus entitled to significant weight", and accordingly adopted limitations on plaintiff's functional capacity such as "simple, routine, repetitive tasks involving short, simple instructions in a routine and stable work environment and should not be required to interact with the general public." (AR 31.) Consistent with Dr. Reilly's opinion plaintiff would have difficulty "if she returned to her position at this time" (*id.*), the ALJ found plaintiff unable to perform past relevant work. (AR 32.) The ALJ did not specifically adopt Dr. Reilly's "advice and guidance to the claimant in regard to improving her functioning" such as minimizing distractions or taking attention breaks with brief physical activity. (AR 31, 859-60.) In giving Dr. Reilly's overall opinion significant weight, the ALJ did not err in omitting recommendations described by the psychologist as "strategies. . . to maximize

cognition." (*id.*)  *Carmickle v. Comm'r, SSA*, 533 F.3d 1155, 1165 (9th Cir. 2008) (An ALJ may reasonably decline to adopt the opinion of a physician "offered as a recommendation, not an imperative.")  Plaintiff, in sum, does not show the ALJ committed error in evaluating plaintiff's RFC.

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 3rd day of April, 2020.

Mary Alice Theiler
United States Magistrate Judge

ORDER
PAGE - 7